IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,270-01






EX PARTE RICKEY DON WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17440-B IN THE 104TH DISTRICT COURT


FROM TAYLOR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of
marijuana in a drug free zone, and originally received ten years, probated. His probation was later
revoked, and he was sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel failed to investigate, failed to object to a defective indictment, and advised Applicant to
plead guilty. Applicant alleges that he would not have pleaded guilty but for counsel's erroneous
advice. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents in
this case, including the admonishments, waivers and stipulations, judicial confession, any evidence
introduced to support the plea, and any written plea agreement that exists. The trial court shall make
findings of fact as to how the quantity of marijuana that Applicant was charged with possessing was
determined, and as to how the drug free zone allegation was proved. The trial court shall make
findings as to whether the enhancement allegations charged in the indictment were abandoned or
waived by the State, and if so whether this was done as part of the plea agreement. The trial court
shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings of fact and conclusions of law as to whether Applicant's plea was
knowingly and voluntarily entered. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: October 3, 2012

Do not publish